IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE HAND PROMOTIONS, INC.,

    Plaintiff,                               No. CIV S-11-1754 WBS DAD PS

    vs.

REX DOBLADOS and                      <u>ORDER</u>
CHARLIE ROCHELLE GREEN A/K/A
CHARLIE ROCHELLE GAINES,
INDIVIDUALLY and d/b/a
ENVY ULTRA LOUNGE A/K/A
VYBE,

    Defendants.
_____/

        Defendant Charlie Gaines is proceeding pro se in this case. The action has therefore been referred to the undersigned pursuant to Local Rule 302(c)(21) for all purposes encompassed by that rule.

        On September 15, 2011, defendant Gaines filed an answer purporting to be filed on behalf of herself as well as defendant Rex Doblados. However, only defendant Gaines' name, address and telephone number appears on the upper left hand corner of the document. Moreover, only defendant Gaines' name appears on the signature line of the answer. Finally, defendant Gaines did not sign the answer filed with the court. (Doc. No. 5 at 8.)

/////

The right to represent oneself pro se is personal to the litigant and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). "A litigant appearing in propria persona has no authority to represent anyone other than himself." Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962). Moreover, all pleadings shall be signed by the party involved and the name, address and telephone number of each party appearing in propria persona shall appear in the upper left-hand corner of the first page of each document presented for filing on the party's behalf. Fed. R. Civ. Pro. 11; Local Rule 131(a)-(b). In this regard, the answer filed by defendant Gaines is defective.

On October 6, 2011, defendant Gaines filed a motion to dismiss. (Doc. No. 7.) That motion was neither noticed for hearing nor signed by defendant Gaines. On October 12, 2011, the assigned District Judge referred this case to the undersigned. On October 20, 2011, defendant Gaines filed an amended motion to dismiss that was signed but not properly noticed for hearing. (Doc. No. 10.) On October 25, 2011, the court issued a minute order notifying defendant Gaines that her amended motion to dismiss was defective as filed and she was directed to file an amended notice of motion to dismiss in accordance with Local Rule 230(b). (Doc. No. 11.)

On November 9, 2011, the undersigned issued an order setting a status (pretrial scheduling) conference. (Doc. No. 12.) Therein, the undersigned noted that the answer filed by defendant Gaines on September 15, 2011, was defective for the reasons stated above and ordered defendants to file an amended answer within twenty-one days that cured the noted defects. A status (pretrial scheduling) conference was also set. On January 20, 2012, plaintiff voluntarily dismissed defendant Rex Doblados. (Doc. No. 15.)

On February 3, 2012, this matter came before the undersigned for a status (pretrial scheduling) conference. Defendant Gaines did not file a status report and did not appear at the hearing. Moreover, defendant Gaines has not re-filed her answer or her motion to dismiss as previously ordered by the court.

1  Accordingly, for the reasons stated above IT IS ORDERED that:

2  1. The Clerk of the Court is direct to strike the answer filed September 15, 2011 (Doc. No. 5.);

2. Within fourteen (14) days of the date of this order defendant Gaines shall file an answer that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; and

3. Upon filing of a proper answer the undersigned will issue a scheduling order in this matter.[1]

DATED: February 6, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\hand-doblados1754.oah

---

[1] If defendant Gaines fails to file an answer, plaintiff may request entry of default and file a motion for entry of default judgment.